**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**BOWLING GREEN DIVISION**

**CHRISTOPHER STEWART**                                                    **PLAINTIFF**

**v.**                                                    **CIVIL ACTION NO. 1:26-CV-30-JHM**

**JABER PROPERTY MANAGEMENT,** *et al.*                         **DEFENDANTS**

**<u>MEMORANDUM OPINION</u>**

Plaintiff Christopher Stewart filed the instant *pro se* action.  This matter is before the Court

on initial review of the complaint [DN 1] pursuant to 28 U.S.C. § 1915(e) and *McGore v.*

*Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549

U.S. 199 (2007).  Upon review, the instant action will be dismissed.

**I.**

Plaintiff sues Jaber Property Management, Lifeskills[1] Case Worker Elizabeth Ramsey,

Christal Jones, Carl Boyd/Carl Jones (hereinafter "Boyd"), and the Ruiz Family alleging

discrimination because of his sexual orientation and mental state in violation of "1967 Act of

Discrimination." [DN 1].  Plaintiff represents that in November 2025, Lifeskills moved him from

an apartment on Bryant Way to an apartment on Catherine Drive in Bowling Green, Kentucky.

He alleges that his Lifeskills Case Worker Defendant Ramsey broke confidentiality by disclosing

to his Bryant Way neighbors, Defendants Jones and Boyd, the location of the apartment to which

he was being moved.  Plaintiff contends that he had a conflict with these neighbors.  Plaintiff

asserts that two days after his move to Catherine Drive, he witnessed Defendants Jones and Boyd

walk into the apartment of the new neighbors, the Defendant Ruiz Family.

---

[1] Lifeskills Inc is a private non-profit organization that provides mental health rehabilitation services. *See*  https://mentalhealthrehabs.com/treatment-center/lifeskills-inc-warren-county-child-and-adult-services-bowling-green/; *see also Walker v. Lifeskills, Inc.*, 31 F. App'x 186, 187 (6th Cir. 2002) (Lifeskills is a private counseling center).

Plaintiff asserts that Defendants Jones, Boyd, and the Ruiz Family (hereinafter "the Neighbor Defendants") continued to scream: "move faggott, move queer." Additionally, Plaintiff maintains that the Neighbor Defendants have stolen his mail, hacked into his wifi, "left his wifi and bill in Spanish," and have screamed "move faggott" and "you dead queer." Plaintiff represents that the Neighbor Defendants continue to scream death threats through the floor. Plaintiff asserts that Defendant Jaber Property Management has evicted him and turned his water off. Plaintiff also claims that he has not worked for months.

## II.

Because Plaintiff is proceeding *in forma pauperis*, this Court must review the instant action. 28 U.S.C. § 1915(e); *McGore*, 114 F.3d at 608–09. Upon review, the Court must dismiss a case at any time if it determines that an action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). This Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). However, the duty "does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979).

To survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most

2

favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)).

### III.

#### A.  1967 Act of Discrimination

Plaintiff sues Defendants alleging discrimination in violation of the "1967 Act of Discrimination."  It is unclear what statute Plaintiff is referencing.  There is an Age Discrimination in Employment Act ("ADEA") of 1967, 29 U.S.C. § 623(a), but it has no application to the facts alleged.  The ADEA creates a private cause of action for persons who are discriminated against in employment because of their age.  Plaintiff does not claim that he was employed by any of Defendants, that he is over 40 years old, or that he suffered an adverse employment action from his employer.  Therefore, this claim must be dismissed for failure to state a claim upon which relief may be granted.

#### B.  Harassment Claims

Plaintiff alleges Defendants harassed him because of his sexual orientation and mental state.  The Court construes the harassment claims as claims for the violation of his constitutional rights brought pursuant to 42 U.S.C. § 1983.

Section 1983 creates no substantive rights but merely provides remedies for deprivations of rights established elsewhere.  *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001).  Two elements are required to state a claim under § 1983.  *Gomez v. Toledo*, 446 U.S. 635, 640 (1980).  "A plaintiff must allege the violation of a right secured by the Constitution

and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

Defendants are not state actors for purposes of § 1983. The law is clear that "[a] plaintiff may not proceed under § 1983 against a private party 'no matter how discriminatory or wrongful' the party's conduct." *Tahfs v. Proctor*, 316 F.3d 584, 590 (6th Cir. 2003) (quoting *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999)). Defendants in this case are private actors. *See*, *e.g.*, *Shreeve v. Rayes*, No. 20-12046, 2021 WL 269922, at *3 (E.D. Mich. Jan. 27, 2021) (neighbors are not state actors); *Rhea v. Ohio*, No. 2:26-CV-376, 2026 WL 962069, at *4 (S.D. Ohio Apr. 9, 2026), *report and recommendation adopted*, No. 2:26-CV-376, 2026 WL 1147514 (S.D. Ohio Apr. 28, 2026) (property management company is private actor and cannot be sued under § 1983 for federal constitutional violations); *Stackhouse v. St. Joseph Inst. for Addiction*, No. 4:22-CV-1761, 2023 WL 3205334, at *4 (M.D. Pa. May 2, 2023) (private counselors or health care providers are not state actors subject to civil liability under § 1983). Therefore, Plaintiff's claims brought pursuant to 42 U.S.C. § 1983 must be dismissed for failure to state a claim upon which relief may be granted.

In as much as Plaintiff also attempts to sue Defendant Ramsey for negligence or breach of a fiduciary duty, these are Kentucky state-law claims, and the Court declines to exercise supplemental jurisdiction over them. *See* 28 U.S.C. § 1367(c)(3) ("[t]he district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction."); *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966).

5

## III.

The Court will enter a separate Order dismissing this action for the reasons set forth herein.

Date: August 5, 2026

Joseph H. McKinley Jr., Senior Judge

United States District Court

cc:   Plaintiff, *pro se*
4414.014

5